# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re WIRELESS TELEPHONE 911 CALLS LITIGATION | ) ) ) ) ) ) | MDL-1521 03 C 2597 |

## MEMORANDUM OPINION

Before the court is defendants' motion for partial summary judgment. For the reasons explained below, the motion is entered and continued generally because the court is considering referral of the issues raised in the motion to the Federal Communications Commission ("FCC") pursuant to the doctrine of primary jurisdiction.

In this multidistrict litigation, plaintiffs contend that the wireless telephones manufactured and sold by defendants fail to comply with the Second Report and Order of the FCC concerning the revision of the FCC's rules to ensure compatibility with Enhanced 911 emergency calling systems.[1] The background and procedural

---

[1] In re Revision of the Commission's Rules to Ensure Compatibility with Enhanced 911 Emergency Calling Systems, 14 F.C.C.R. 10954 (June 9, 1999) (the "Second Report and Order"). Pursuant to our referral to the FCC of certain issues raised in this litigation, the FCC issued a subsequent order that interpreted the Second Report and Order. See In re Revision of the Commission's Rules to Ensure Compatibility with Enhanced 911 Emergency Calling Systems, 19 F.C.C.R. 13448 (July 22, 2004) (the "Clarification Order").
   Plaintiffs allege that defendants Nokia Corporation and Nokia, Inc. violated a separate FCC order, In re 911 Call Processing Modes, 15 F.C.C.R. 1911 (Jan. 28, 2000) (the "Nokia Order").

history of this litigation is set forth in our Memorandum Opinion of June 3, 2005 and will not be repeated here.

Plaintiffs allege in their latest complaint--the Second Consolidated Amended Class Action Complaint--that defendants' phones fail to satisfy at least one of the following three requirements set forth in the Second Report and Order:

> (1) If a cell phone attempting to place a 911 call does not detect a signal from the preferred carrier, it must switch to the non-preferred carrier and attempt to complete the call.
> (2) If a cell phone detects a signal from the preferred carrier but is not assigned a voice channel within 17 seconds, it must switch to the non-preferred carrier and attempt to complete the call.
> (3) If a wireless 911 call is completed but then dropped, the cell phone must automatically retry the call on the non-preferred carrier.

(Second Consolidated Amended Class Action Complaint ¶ 40.)

In the latest round of motion practice in this case, defendants have moved for partial summary judgment. They seek "a pre-trial order interpreting the meaning and effect of certain FCC regulations as the law of the case." (Mem. in Support of Defs.' Mot. at 11.) Defendants contend that we should enter the following seven rulings:

> (1) A wireless handset manufacturer is in compliance with 47 C.F.R. § 22.921 if it utilizes a call-processing method, or some combination of methods, proposed by other wireless handset manufacturers and approved by the FCC.
> (2) All handsets manufactured on or before the effective date of the Second Report and Order (or as to any particular defendant, any extensions granted to that defendant) are not subject to the FCC's 911 call-processing compliance requirements.

> (3) The FCC's 911 call-processing requirements do not apply to handsets manufactured for customers outside the United States.
> (4) The 17-second time limit in the Second Report and Order applies only to the initial attempt to connect a 911 call on the preferred carrier's system and not to any further attempts to connect the call.
> (5) The Second Report and Order does not require handsets to both switch and connect to the non-preferred carrier in any particular time period (including 17 seconds).
> (6) A handset utilizing one of the 911 call-processing methods approved in the Motorola Order and in the Nokia Order is not required to automatically retry a dropped call.
> (7) A handset that automatically retries a dropped 911 call may retry the dropped 911 call on the preferred carrier and is not required to retry on the non-preferred carrier.

(Defs.' Reply Mem. at 21.) Some of these issues are more central to plaintiffs' allegations than others, but all of them are in controversy in this litigation.

It strikes us that we are at a point similar to where we were almost three years ago in this litigation when we referred three issues to the FCC for decision pursuant to the doctrine of primary jurisdiction. The FCC considered those issues and issued a diligent, reasoned, and comprehensive order, which we adopted as the law of the case. Consistent and uniform rulings resulted, judicial economy was served, and the case was streamlined.

Now that plaintiffs have amended their complaint, a host of new issues have arisen, but the same factors are present indicating that we should again apply the doctrine and refer these issues to the FCC. Upon reviewing the Second Report and Order and the

Clarification Order, as well as the Nokia, Motorola, and Ericsson Orders, we are unable to reach confident conclusions on any of the seven issues. The issues are not within our conventional experience by any means; they involve technical and policy considerations within the FCC's particular field of expertise and discretion. We are again mindful of the possibility of inconsistent rulings where consistent and uniform rules are necessary. These precise issues, as articulated above, have not already been before the FCC; they are outgrowths of the FCC's prior rulings and require detailed analysis and interpretation of those rulings. We think judicial economy would be served through resolution by the FCC, and referral would not result in substantial delay or added expense.[2] As before, it is likely that referral would save expense.

Because this is the first notice to the parties of our inclination to refer these matters to the FCC, the parties may file cross-briefs by August 25, 2006 and cross-responses by September 8, 2006 expressing their views concerning referral to the FCC. Any requests for extensions to this schedule likely will be denied. The briefs will be limited to five pages.

---

[2]/ Referral to the FCC would not result in any more delay than the parties themselves have created in this case through their multiple requests for extensions of time at every turn.

DATE:     August 11, 2006

ENTER:    _____

          John F. Grady, United States District Judge