# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re WIRELESS TELEPHONE 911 CALLS LITIGATION | ) ) ) ) | MDL-1521 03 C 2597 |
| _____ | ) ) |  |
| VISHAL AGGARWAL and BRIDGET BYRNE, on behalf of themselves and all others similarly situated, | ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | 02 C 8808 |
| NOKIA CORPORATION and AT & T WIRELESS SERVICES, INC., | ) ) ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION AND ORDER**

For the reasons indicated in our Memorandum Opinion of August 11, 2006, the defendants' motion for partial summary judgment is entered and continued generally, and proceedings in this case will be stayed <u>sua</u> <u>sponte</u> pursuant to the doctrine of primary jurisdiction while the parties resort to the FCC for resolution of seven issues raised by defendants in their summary judgment briefing.[1]

---

[1] In connection with defendants' motion for partial summary judgment, plaintiffs requested that the court take judicial notice of several documents. That request is denied as moot in light of our referral of the substantive issues to the FCC.

The following seven issues regarding interpretation of the FCC's Second Report and Order and Clarification Order, as well as the Nokia, Motorola, and Ericsson Orders, are referred to the FCC for its consideration and decision:

> (1) Is a wireless handset manufacturer in compliance with 47 C.F.R. § 22.921 if it utilizes a call-processing method, or some combination of methods, proposed by other wireless handset manufacturers and approved by the FCC?
> (2) Are handsets manufactured on or before the effective date of the Second Report and Order (or as to any particular defendant, any extensions granted to that defendant) subject to the FCC's 911 call-processing compliance requirements?
> (3) Do the FCC's 911 call-processing requirements apply to handsets manufactured for customers outside the United States?
> (4) Does the 17-second time limit in the Second Report and Order apply only to the initial attempt to connect a 911 call on the preferred carrier's system, or does it also apply to any further attempts to connect the call?
> (5) Does the Second Report and Order require handsets to both switch and connect to the non-preferred carrier in any particular time period (including 17 seconds)?
> (6) Is a handset utilizing one of the 911 call-processing methods approved in the Motorola Order and in the Nokia Order required to automatically retry a dropped call?
> (7) Is a handset that automatically retries a dropped 911 call required to retry on the non-preferred carrier, or may it retry the dropped 911 call on the preferred carrier?

The parties are directed to proceed before the FCC without unnecessary delay and to seek resolution of these issues. The court directs defendants to take the initiative in obtaining the desired action of the FCC. Defendants shall file with the FCC a Petition for Declaratory Relief within ten days of the entry of this order and provide the court with a copy of the Petition.

Plaintiffs seek leave to continue pursuing limited discovery in this court. Their renewed request for leave to pursue discovery relating to defendants' own interpretations, analysis, or understanding of the FCC's orders is denied (except to the extent these interpretations are contained in defendants' communications to the FCC, see infra). However, the parties are to update their exchanges of discovery relating to communications between defendants and the FCC with regard to the relevant FCC orders and compliance therewith. (This discovery is not limited to material emanating from the FCC but also encompasses, as previously ordered, communications by the defendants to the FCC.)

Further proceedings in this case are stayed pending resolution of these issues by the FCC.

A status hearing is set for June 6, 2007, at 11:00 a.m.


DATE:     September 20, 2006


ENTER:    _____
          John F. Grady, United States District Judge